[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 18, 2010
JOHN LEY
CLERK

No. 10-10322
Non-Argument Calendar
_____

D.C. Docket No. 3:09-cr-00031-CAR-CWH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELINDA G. COHRAN

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Georgia

_____

(August 18, 2010)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Melinda Cohran appeals her sentence of 85 months of imprisonment for fraud. 18 U.S.C. § 1341. Cohran argues that her sentence is unreasonable. We affirm.

Cohran pleaded guilty to defrauding her former employer, Action Commodities. Over a five or six year period, Cohran abused her position as the office manager and bookkeeper by diverting into a personal account checks payable to Action Commodities and reconciling the company accounts to conceal her fraud. An audit revealed that Cohran stole about $750,549.47.

The presentence investigation report discussed Cohran's crime and stated that she suffered from a "thyroid condition and high blood pressure" and had "report[ed] a history of gambling." With a total offense level of 20 and a criminal history of I, the report provided an advisory guideline range of 33 to 41 months of imprisonment. Cohran faced a maximum statutory sentence of 20 years of imprisonment.

The district court varied upward from the advisory guideline range and sentenced Cohran to 85 months of imprisonment. The district court "concluded that the guideline range [was] not adequate to address the gravity of [Cohran's] criminal conduct and the impact that [her] conduct . . . had on the lives of the victim and the community." The district court stated that Cohran committed an

"extraordinar[il]y serious offense" by stealing "an enormous amount of money" and "destroy[ing] [the victims] financially."

Cohran's sentence is procedurally and substantively reasonable. The district court considered the sentencing factors, 18 U.S.C. § 3553, and explained that an upward variance was necessary to "reflect the seriousness of [Cohran's] offense, . . . promote respect for the law, . . . provide just punishment for [her] offense, . . . afford adequate deterrence of criminal conduct," and "protect the public from further crimes." See United States v. Livesay, 525 F.3d 1081, 1090 (11th Cir. 2008). Cohran argues that the district court failed to consider her acceptance of responsibility, physical conditions, and addiction to gambling, but this information was included in the presentence report that the district court "considered" before imposing Cohran's sentence. We will not disturb a sentence unless "'we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009) (quoting United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008)). Cohran stole more than three quarters of a million dollars from Action Commodities and caused its owners significant financial hardship. Cohran's sentence is reasonable.

We **AFFIRM** Cohran's sentence.